# IN GENERAL TERM, 1874.

THE GERMANIA BUILDING, &c., ASSOCIATION, &c., Appellants,
v. JOHN R. MAROT.

REAL ESTATE—*suit to quiet title*—
EXECUTORY CONTRACT.

A, purchased certain real estate without knowledge, or notice of sale, made prior, to B, under executory contract, of the same property. B, claims said contract to be in force. A, declares it forfeited by B failing, &c., to pay purchase money, and that said contract was abandoned, and rescinded.

*Held:* That where such contract does not appear to be void on its face, and it not being shown that such lapse of time has occurred, that a Court of equity would necessarily refuse to enforce its execution the question as to a *bona fide* purchaser, and as to the existence of such circumstances as would defeat its inforcement, must be determined by parol evidence.

In such case the plaintiff is not bound to risk the continuance in life of the witnesses that may furnish that evidence.

*Taylor, Rand & Taylor*, for appellants.
*Barbour, Jacobs & Williams*, for appellees.

PERKINS, J.—Suit to quiet title. The complaint contains two paragraphs. The first describes the real estate, alleges that the plaintiff is the owner in fee simple of it, and avers " that the defendant claims title to said real estate, and an interest therein adverse to plaintiff, and said claim throws a very dark cloud upon plaintiff's title." Plaintiff further states

that defendant's claim of title, and interest is wholly false and groundless.

The second paragraph alleges that the plaintiff is the owner in fee simple of certain real estate, particularly describing it, and that he derives title by deed from William Wier, dated 27th of September, 1871, making a copy of his deed a part of the complaint. He alleges that the defendant claims to have purchased said real estate from said Wier by executory contract, before plaintiff purchased the same, by which contract he was to receive a deed for said real estate on the payment of $5,000, which contract defendant claims was, and is, in writing, and in full force.

Plaintiff alleges that it purchased said real estate without any knowledge, or notice of said outstanding contract, and paid the full price therefor, viz: $6,500, and received a deed. Plaintiff further alleges that defendant forfeited his said contract, by failing, and refusing to pay the purchase-money, and that said contract was abandoned, and rescinded by the parties to it, before its purchase, &c., but that said defendant is still claiming the same to be in full force, &c.

A demurrer to both paragraphs of complaint was sustained, and the plaintiff, electing to stand by its complaint, and refusing to amend, final judgment was rendered for the defendant.

We are inclined to think the first paragraph of the complaint bad, for not setting forth the nature of the defendant's claim of title, or ground of interest, but it is not necessary that we decide the point.

The second paragraph of the complaint, we think, is good.

The defendant insists that it is bad, because it shows that the contract under which he is alleged to claim an interest, is void, and hence no cloud upon the plaintiff's title.

If it is shown that that contract is void upon its face, the

defendant's position is well taken. But if it does not show that the contract is void upon its face, but only that it may be shown to be so by parol evidence, we think his position is not well taken.

We understand the law to be that:

1st. Where a written instrument is void upon its face, it constitutes no cloud upon title to land.

2d. Where it is not void upon its face, but must appear to be so on the face of documents, or proceedings, on which the alleged claimant must rely, and which he must produce, to sustain the validity of the deed, or instrument on which his claim is founded, as in cases of sales under powers, as tax sales, &c., in such cases the written instrument constitutes no cloud, and a suit will not lie for its cancellation.

3d. But where the written instrument is not void on its face, and its invalidity must be made out by parol evidence, in such case, it is a cloud upon the title of the land it describes, and a suit may be sustained for its cancellation. *Fonda* v. *Sage*, 48 *N. Y.*, 170 ; *Newell* v. *Wheeler*, *id.*, 486.

Such is the case made by the second paragraph of the complaint under consideration. The contract does not appear to be one void upon its face. It is not shown that such lapse of time has occurred, that a Court of equity would necessarily refuse to enforce its execution, and the question as to *bona fide* purchaser, and as to the existence of such circumstances as would defeat its enforcement, must be determined by parol evidence, and the plaintiff is not bound to risk the continuance in life of the witnesses that may furnish that evidence.

The judgment is reversed.